NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YU CHEN, | No. 16-71527 |
| Petitioner, | |
| v. | Agency No. A087-831-829 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2022**
Pasadena, California

Before: SILER,*** THOMAS, and CALLAHAN, Circuit Judges.

Yu Chen ("Chen"), a native and citizen of the People's Republic of China

("China"), petitions to review the Board of Immigration Appeals' ("BIA") final

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition because the BIA correctly found that the documentary evidence presented by Chen was insufficient to independently satisfy her burden of proof following an adverse credibility determination by the Immigration Judge ("IJ"). *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)). Additionally, Chen was correctly denied protection under the Convention Against Torture ("CAT") because she did not establish that she is more likely than not to be tortured upon her return to China. *Id.* at 834.

1. Chen claims she is entitled to asylum and withholding of removal because she allegedly underwent a forced abortion in 1998 after becoming pregnant out of wedlock in violation of China's family planning policies. To support her petition Chen submitted written testimony, provided verbal testimony, and filed several supplemental documents. Chen was found not to be credible, and her documentary evidence was insufficient to overcome her lack of credibility.

Adverse credibility findings are reviewed for substantial evidence. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Plancarte*, 23 F.4th at 831 (quoting *Davila*, 968 F.3d at 1141). In assessing an

adverse credibility finding under the REAL ID Act, the court "must look to the 'totality of the circumstances[] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The IJ found Chen's demeanor and responsiveness during her testimony lacked believability, noting a "stark contrast" between Chen's remarks mirroring her written statement and those covering subject matter outside of her written statement. Chen gave a detailed account of the alleged forced abortion, but when asked to account for her living and employment situation in the years afterwards, from 1998 until 2006, Chen was vague and, at times, not directly responsive. Moreover, the IJ observed Chen shift from giving detailed testimony to opaque testimony once that testimony ventured beyond her written statement. It was reasonable for the IJ to conclude from this contrast that Chen memorized her written statement but could not articulate any detail outside of that statement. *See Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (an adverse credibility determination can be sustained when an IJ finds a claim, otherwise lacking detail, could have been easily memorized). The IJ also noted several inconsistencies in Chen's verbal testimony when compared to other evidence in the record. "[E]ven minor inconsistencies" may have a "legitimate impact" on the overall credibility of a petitioner's testimony. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

3

Under a totality of the circumstances analysis, Chen's demeanor, vagueness, and inconsistent testimony fatally undermined her credibility, and she did not supply documentary evidence sufficient to overcome the adverse credibility finding. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Thus, denial of Chen's requests for asylum and withholding of removal were supported by substantial evidence.

2.    Next, Chen argues the BIA failed to conduct a proper analysis of whether she is eligible for CAT relief. A petitioner seeking CAT relief must establish: (1) it is more likely than not she will suffer harm severe enough to constitute torture; and (2) the torture would occur at the hands of a government official, or with the acquiescence of a government official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1), (2). Further, a petitioner must demonstrate that she faces a particularized threat of torture, not a threat of torture in the abstract nor merely a showing that torture occurs in the country of removal. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Review of a denial of CAT protection follows the deferential substantial evidence standard. *Id.* Chen does not meet her burden for CAT relief.

Although an adverse credibility determination does not necessarily defeat CAT eligibility such a determination requires the court to find that the documentary evidence alone compels the conclusion that the petitioner is more

4

likely than not to be tortured. *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Chen submitted country reports concerning generalized torture in China, but she does not demonstrate a "particularized threat" of torture as required. *See Lalayan*, 4 F.4th at 822. Chen has not demonstrated that if she is removed to China, the Chinese government will more likely than not torture her. Therefore, she is not eligible for CAT relief.

The petition for review is DENIED.